## Thomas G. Pratt, Adm'r of James Kent, *vs.* Thomas R. Johnson, Adm'r *d. b. n.* of Rinaldo Johnson.

If it does not appear *by the record* that the party appealing has rights which have been injured by the decision below, such decision will not be reversed though it is erroneous in reference to other parties.

Appeal from the Court of Chancery.

Joseph Kent recovered a judgment against John Johnson,

Pratt, Adm'r of Kent, *vs.* Johnson, Adm'r *d. b. n.* of Johnson.

on a bond given by the latter to said "Kent, administrator of Rinaldo Johnson," conditioned for the payment of $4700, "to the said Joseph Kent, his executors, administrators and assigns." After the death of John Johnson, Joseph Kent and others filed a bill in chancery against said Johnson's administrator and heirs at law, under which a decree was passed for an account of the personal estate, and for a sale of the real estate of the deceased for the payment of debts, and under this decree the personal estate was administered, and a part of the real estate sold and the proceeds applied.

The complainants subsequently died, and the decree was revived by James Kent as administrator of Joseph Kent deceased, and under this revived decree a tract of land called "Eden's Paradise Regained," was sold for $2000, and the proceeds brought into court for distribution. Thomas R. Johnson the administrator *de bonis non* of Rinaldo Johnson, then filed his petition in the cause, alleging that John Johnson mortgaged to Joseph Kent, as administrator of Rinaldo Johnson, said tract of land to secure the payment of the above mentioned bond recited in the mortgage, and insisted, that he as administrator *de bonis non* as aforesaid, was entitled to the benefit of this mortgage, and to payment of said claim out of the proceeds of the mortgaged premises, before the other creditors of John Johnson, deceased. An account was accordingly passed, awarding the nett proceeds of sale to him as administrator *de bonis non* of Rinaldo Johnson. To this account, James Kent having died in the meantime, Thomas G. Pratt, his administrator, excepted, on the ground that said Thomas R. Johnson had shown no title in himself to recover said money, and on the contrary the same had vested in the exceptant. But the chancellor overruled this exception, and ratified the account in favor of said Thomas R. Johnson, and from this order the exceptant appealed.

The cause was argued before LE GRAND, C. J., ECCLESTON and TUCK, J., by *Thomas S. Alexander* for the appellant and *Charles F. Mayer* for the appellee.

Pratt, Adm'r of Kent, *vs.* Johnson, Adm'r *d. b. n.* of Johnson.

The ground upon which the appeal was dismissed by this court, renders any report of the argument on the question of the *title* to the fund in controversy, whether in the representatives of Joseph Kent, or the appellee, unnecessary. On the point decided it was argued by the appellant's counsel, that the *revival* of the decree by James Kent was a *conversion* of the claim to his *use*, and consequently that his administrator, the appellant, was entitled to interpose and claim it. But the appellee's counsel insisted, that the appellant has no standing here against this claim. He is but the administrator of one, who was administrator of that administrator, to whom the appellee succeeds. If our claim could be disputed in this cause in equity, it could only be by the administrator *de bonis non* of the original administrator, Joseph Kent.

ECCLESTON, J., delivered the opinion of this court.

Assuming, as the counsel for the appellant has contended, that the claim in controversy belonged to Joseph Kent in his individual right, and that the administrator *de bonis non* of Rinaldo Johnson, has no right to the same either at law or in equity, still we cannot reverse the decision of the chancellor on this appeal. There is nothing in the record to show that Joseph Kent is represented by the appellant, or that he has any right whatever to the fund in contest. If it does not appear that a party who appeals has been injured by the decision below, that decision will not be reversed, even if erroneous in reference to other parties; because his rights not being affected by it, he has no cause of complaint. And although he may, in fact, have rights which have been injured, yet if they are not shown by the record, they can have no more influence than if they had no existence.

The appellant having no standing in this court on the present appeal, it must be dismissed with costs to the appellee.

*Appeal dismissed.*