JUDGE SIMPSON
delivered the opinion oe the codrt:
The defendant was indicted in Carroll county, in this state, for feloniously obtaining money, by false pretenses, of B. W. Jenkins.
*3 The facts proved upon the trial were, that the defendant was in the state of Ohio, and had along with him a negro named John, who he represented to be a runaway slave belonging to him, that he was trying to take back to a slave state; stating that he was a resident of the state of Tennessee, from which place the slave had, some three or four months previously, made his escape. That whilst he was in the state of Ohio, he sold and delivered said negro to B. W. Jenkins, at the price of five hundred dollars, which Jenkins was to pay him when they arrived in Kentucky, and the purchaser was to run the risk of taking the slave to that place. After the parties arrived in Carroll county, in this state, the defendant, not however, in his own, but in another name, executed to Jenkins a writing acknowledging the payment of the money as the price of the negro, in which he covenanted that he was the lawful owner of the negro, and that he was a slave for life: and thereupon Jenkins paid him the five hundred dollars. It was also proved that John was not a slave, but was free; that he and the defendant both resided in the state of New York, and that the latter never had resided in the state of Tennessee.
Under the instructions of the court below, a verdict of not guilty was found by the jury, and a judgment rendered thereon in favor of the defendant.
The attorney for the commonwealth excepted to the instructions of the court, prayed an appeal, and the attorney general has brought the case to this court to have the questions revised, which he contends were erroneously decided in the circuit court. The judgment in favor of the defendant operates as a bar to a future prosecution for the offense, and according to the provisions of the 333d section of the Criminal Code, it cannot be reversed by this court. The only obj ect, therefore, of the present appeal, is to have the law so expounded that it may be understood, and be hereafter correctly and uniformly administered.
The court below decided, and so instructed the jury, that if the negro was sold and delivered to Jenkins in the state of Ohio, the defendant could not be convicted in this state of the offense with which he Avas charged in the indictment. This decision we regard as clearly erroneous. The offense, under the statute, *4 consists in obtaining the money or property of another person, with intention to commit a fraud, by any false pretense whatever. The false pretense employed is only the means by which the offense is perpetrated. The substance of the offense consists in the obtaining of the money, and thereby, with a fraudulent intent, depriving the lawful owner of that which properly belongs to him. The crime is not committed until the money is obtained. The fraud, in this case, was concocted in the state of Ohio, and the representations were there made which were designed to render it successful; but it became mature and took effect in this state; for here the scheme was consummated, the sale evidenced by writing, and the money obtained from the person defrauded. The crime was therefore committed in this state, and not elsewhere, and the defendant was properly indicted therefor in the county of Carroll, where the money was paid to him.
This question has been decided in the same way in the state of New York, in the case of the People vs. Adams, reported in 3 Denio, 190, and in 1 Comstock, 173, upon a writ of error from the supreme court.
In that case, it was held that a party residing in Ohio, and who had never been in the state of New York, who had fraud-udently made receipts, acknowledging the delivery to him, as a forwarder, of a quantity of produce for the use of a firm in New York, and subject to their order, when in fact he had not received such produce, and when he had employed innocent agents to present such receipts to the firm in New York and obtain money thereon, which they did, might be indicted and tried for the offense in that state, because the offense must be considered as committed where the money was obtained.
After the court below had given various instructions to the jury, it further instructed them, “ that under the constitution they were the sole judges of the law and facts of the case; that they had a right to receive the instructions which had been given them by the court, as the true exposition of the law or not, as they chose; that they were not bound absolutely by them, and no further than they saw fit to give them weight, coming, as they ■did, from the judge of the court.”
*5 This instruction is also objected to by the attorney general.
The question involved in this instruction was fully considered and decided in the case of Montee vs. Commonwealth, (3 J. J. Marshall, 132.) In that case it was held that the court had a right to instruct the jury as to the law of the case, and that it was their duty to -regard such instructions as containing the law; but if they disregarded them in a criminal case, and acquitted the accused, the judge could not, for that reason, grant a new trial; and therefore, in one respect, they had the ultimate decision of the law as well as the facts of the case.
The jury must derive a knowledge of the facts from the witnesses, and of the law from the court. They have, however, to pass upon both, and by making an application of the law to the facts of the case, decide whether the offense charged in the indictment has been committed. In this sense only are they the judges of the law of the case.
This question has been thus ruled in the case of Seltinius vs. United States, reported in 5 Cranch’s Circuit Court Reports.
The 22Qth section of the Criminal Code requires the court, on motion of either party, to instruct the jury on the law applicable to the case; and the 233d section expressly provides “that all questions of law arising during the trial shall be decided by the court, and the jury shall be bound to take the decisions of the court on points of law as the law of the case.”
This part of the Criminal Code we regard as not inconsistent with any provision in the constitution, and therefore as containing the law applicable to the point under consideration. Juries have the power, but not the right, to disregard the law as expounded to them by the court, and render a verdict of not guilty, in a case where the law, if correctly administered, would result in a conviction; and their decision in such a case will be final, because a new trial cannot be awarded by the court. But such an improper exercise of power, on their part, does not tend to prove that they are not bound to consider the instructions of the court as containing the law of the case.
The instruction of the court below, bn this subject, was, therefore, improper and erroneous.