TIMOTHY PEARSON *vs.* JOSIAH S. HOWE.

In an action for deceit, a declaration which alleges that the representations made were well known by the defendant to be untrue, is not supported by proof simply that the defendant had reasonable cause to believe that they were untrue.

MERRICK, J.    This is an action of tort to recover compensation for damage sustained by the plaintiff in consequence of certain false and fraudulent representations alleged to have been made to him by the defendant, knowing them to be untrue.

At the trial there was no controversy between the parties upon the question, whether the alleged representations had in fact been made; but upon the further questions, whether those representations were untrue, and whether the defendant, at the time when they were made, knew, or had reasonable cause to believe, that they were untrue, there was conflicting evidence. The plaintiff asked the court to instruct the jury that if the representations made to him were in fact untrue, and the defendant, at the time of making them, had reasonable cause to believe that they were untrue, this was sufficient to establish the alleged fraud and to entitle him to a verdict.    But the court declined to accede to this request; but, instead of doing so, did instruct them that, to render a verdict for the plaintiff, they must be satisfied that the defendant knew that the representations were untrue; and that proof that he had reasonable cause to believe them to be untrue was not sufficient to maintain the action.

Each of these rulings was correct.    The declaration alleges that the defendant falsely and fraudulently represented that the bay horse given by him in exchange for the plaintiff's horse was sound, kind and gentle in harness; that this representation was untrue, and was well known by him to be untrue.    The instructions actually given by the court only required the plaintiff to prove these allegations; only imposed upon him the burden of establishing the fact of fraud in the manner and by the means in which he himself alleged it to have been committed.    The law

upon this subject is clearly stated and illustrated in the case of *Tryon* v. *Whitmarsh*, 1 Met. 1. It is there said that the question to be submitted to the jury is, whether the defendant was guilty of a false affirmation, knowing it to be false. The counsel for the plaintiff in that case, as is by the like party substantially argued in this, contended that knowledge is in truth nothing more than good reason for belief; and that therefore the action might be maintained by showing that the defendant had good reason for believing that the representations made by him were untrue. But this position was not sustained by the court. "It does not follow," said Wilde, J., "that because the jury were of opinion that the persons recommended were unworthy of credit, the defendant, with a full knowledge of all the facts proved, was of the same opinion." And it was held that, to establish the fraud, it was necessary to show that the representations were known to be untrue.

This is not an action of contract upon a warranty; and therefore it is not necessary to consider how far the evidence produced by the plaintiff upon the trial would have had a tendency to support the averments in actions of that character. The questions in this case arise upon the rulings and refusals to rule set forth in the bill of exceptions, in reference to the instructions to the jury which were asked for and those which were actually given; and these being found to have been correct, the exceptions of the plaintiff must be overruled.

*B. F. Butler*, for the plaintiff, cited *Stone* v. *Denny*, 4 Met. 151; *Emerson* v. *Brigham*, 10 Mass. 197; *Adamson* v. *Jarvis* 4 Bing. 66; *Eyre* v. *Dunsford*, 1 East, 318; *Upton* v. *Vail*, 6 Johns. 181.

*R. B. Caverly*, for the defendant.