EMERY KNOWLTON & another *vs.* JAMES KEENAN & others.

Worcester.    October 3, 1887. — January 10, 1888.

Present : MORTON,. C. J., FIELD, DEVENS, W. ALLEN, & HOLMES, JJ.

*Representation — Contract — Extrinsic Evidence.*

A representation as an inducement to a contract that something shall thereafter be done, is not a representation such as will render the maker liable, but, if anything, amounts to a distinct agreement.

A contractor to carry the United States mails sublet the contract by an agreement in writing, by the terms of which the mails were to be carried according to a certain schedule.   In an action for breach of contract, the sub-contractor offered evidence that the contractor at the execution of the agreement fraudulently promised to secure thereafter a change in the schedule.   *Held,* that the evidence was inadmissible as varying the terms of a written contract.

CONTRACT upon an agreement in writing, dated June 22, 1885, entered into between the plaintiffs and the defendants, to transport the United States mails between Mashpee and Sandwich.

At the trial in the Superior Court, before *Pitman,* J., without a jury, it appeared that the plaintiffs were contractors with the United States for transporting the mails between these towns, and had authority to sublet the contract.

The agreement provided that the defendants should transport the mails from Mashpee to Sandwich and back six times a week from July 1, 1885, to June 30, 1889, inclusive, on such schedule as the Postmaster General might direct.   There was a schedule annexed to the agreement, which provided for leaving Mashpee daily, except Sundays, at 5 o'clock A. M., and arriving at Sandwich at 7.30 o'clock A. M., and leaving Sandwich at 11 o'clock A. M. and arriving at Mashpee at 1.30 o'clock P. M.   The defendants lived and did business at Sandwich, and the defendant Keenan testified that he could not perform the contract without pecuniary loss, unless the schedule time for carrying the mails should be changed so that he could carry the mails from Sandwich to Mashpee and return each day so as to allow him to live and do business at Sandwich.   The plaintiffs produced evidence tending to show that the defendant Keenan refused to carry the mails as provided in the schedule annexed

to the agreement, and that the plaintiffs, on or about July 10, 1885, sublet the contract to other parties at an advance of forty dollars a year above the price stated in the agreement with the defendants.

The defendant Keenan offered evidence tending to show that the plaintiffs, at and before the execution of the agreement, fraudulently promised the defendants that, if they would execute the agreement, the plaintiffs would secure a change in the schedule time of carrying the mails, so that he could carry the same from Sandwich to Mashpee and return, and fraudulently represented to him that the plaintiffs could easily secure such a change in the schedule time from the Postmaster General; that the defendants, relying upon such promise and statement, signed and executed the agreement; and that the plaintiffs did not secure such a change in the schedule, and made no effort to do so, and that the plaintiffs knew, at the time that they made the statement, that they could not secure such a change in the schedule.

The judge rejected the offer of evidence, and found for the plaintiffs; and the defendants alleged exceptions.

*J. W. Corcoran*, for the defendants.

*S. L. Graves*, for the plaintiffs.

DEVENS, J. The plaintiffs, who were themselves contractors with the United States to carry the mails, having authority to sublet their contract, made a written contract with the defendants to carry the mails from Mashpee to Sandwich and back, according to a certain schedule. As an excuse for the non-performance of their contract they offered evidence that, at and before the execution of this contract, the plaintiffs fraudulently promised to procure a change in the schedule, and fraudulently represented that they could secure such a change; and that they knew at the time that they could not, and that they thereafter did not do so. The fraud which the defendants sought to establish was the failure to perform an oral promise contemporaneous with the written agreement, and constituting a part of the transaction, which the plaintiffs knew they could not perform.

The case at bar is readily distinguishable from those cases where it has been held that, if a person makes a representation of a fact as of his own knowledge in a matter susceptible of

knowledge, and such representation is not true, or where in a matter of opinion, judgment, or estimate dishonestly and with · the intent to deceive states that as of his own knowledge which is not true, and the party to whom the statement is made relies and acts upon it as true, and thus sustains damage, it is a fraud and deceit for which the party making it is responsible. *Tryan* v. *Whitmarsh,* 1 Met. 1. *Page* v. *Bent,* 2 Met. 371. *Milliken* v. *Thorndike,* 103 Mass. 382. *Munde* v. *Lambie,* 122 Mass. 336.

That which the defendant sought to prove, if it can with propriety be termed a representation at all, was a representation that something should thereafter be done. Such a representation from its nature could not be true or false at the time it was made, and, if anything, was a contract or promise. The difference between a representation that something exists which does not, and a representation that something shall be done thereafter, is obvious. *Beattie* v. *Lord Ebury,* L. R. 7 Ch. 777, 804. A representation which amounts to an engagement, if enforceable, must be so as amounting to a contract. "There is no middle term, no *tertium quid,*" says Lord Cranworth, "between a representation so made to be effective for such a purpose and being effective for it, and a contract." *Maunsell* v. *White,* 4 H. L. C. 1039, 1056.

What the defendants sought to establish by their evidence was an oral contract, by which the terms of the written contract were to be changed by the efforts of the plaintiffs, and the mails which the defendants had in writing agreed to transport according to a specified schedule were to be transported according to a different schedule, to be obtained from the Postmaster General. The principle that written contracts are not to be enlarged, added to, or controlled by previous or contemporaneous oral agreements is too well settled to require a citation of authorities. Proof of such a representation as that offered by the defendants was proof only of an oral contract to be thereafter executed. Nor even if the plaintiffs made this oral contract fraudulently, knowing they could not perform it, would that have rendered the evidence admissible. There was no fraud in the written contract itself, and such evidence could not have been received to control its operation, and virtually to annul it.

*Exceptions overruled.*