ALONZO E. FULLER *vs.* JESSE E. MOWER.

Somerset.    Announced May 31, 1888.

Opinion filed March 15, 1889.

*Town officer.    Personal liability.    Invalid town order.    Negligence.    Warranty.*

The defendant, one of the board of selectmen, signed and delivered to the chairman, a town order in blank, to be used for a legitimate purpose. The chairman issued it to the plaintiff, who loaned and advanced to him the money thereon, relying upon his sole assurance, that the town was in need of the money to pay town debts, and that the board was authorized by the town to hire the money. The defendant was wholly ignorant of such disposition of the town order, and the false representations made by the chairman.

In an action of the case, the plaintiff charged the defendant with having falsely and fraudulently represented to him, that he and the chairman had authority to hire money in behalf of the town, and to execute valid orders therefor, when in truth and in fact they had no such authority.

*Held,* that the action could not be sustained.

On EXCEPTIONS AND REPORT.

This was an action of false warranty against the defendant, as one of the selectmen signing a town order, on the ground that he thereby falsely assumed to be the duly authorized agent, of the town of St. Albans, for the purpose of hiring money to pay town debts, for the year 1881, when in fact he had no such authority.

The declaration is as follows : "For that on the 21st day of November, 1881, the defendant together with one J. M. Skinner and A. J. Bonney, all of said St. Albans, were the duly elected, and qualified, and acting, selectmen of said town of St. Albans for the municipal year, beginning March 7, 1881, and were known to the plaintiff as such; and that on said 21st day of November 1881, at said St. Albans said defendant falsely and fraudulently represented to said plaintiff that he and said Skinner, in their capacity as selectmen of said town, and as constituting a majority of said selectmen, had power and authority to hire money in behalf of said town, and to sign, execute and deliver on behalf of said town valid orders therefor on the treasurer of said town, and that they were the agents of said town for these several purposes; and the plaintiff avers, that in consequence of the said defendant's several false and fraudulent representations aforesaid and in full reliance thereon and believing the same to be true, he was then and there induced to and did loan to said defendant, the sum of three hundred dollars in money, and was induced to and did take therefor a certain pretended town order signed by said defendant and by said Skinner, as selectmen aforesaid, in the words and figures following :

$300.                                St. Albans, Nov. 21st, 1881.

To N. H. Vining, town treasurer or his successor :—Pay to A. E. Fuller or bearer, three hundred dollars and interest annually at 5 per cent. it being for money hired to pay town debts for the year 1881.

J. M. Skinner, ⎞ *Selectmen*
No. 119.                            ⎟ *of*
J. C. Mower,  ⎠ *St. Albans.*

And the plaintiff avers, that said defendant did thereby undertake and warrant to him that said order was valid and binding

on said town; whereas in truth and in fact neither said defendant nor said Skinner had any power or authority to hire money, in behalf of said town, for any purpose or to execute or deliver any valid order therefor, either on said town or on its treasurer, and said order was not valid or binding on said town; and by reason wholly of the false warranty of said defendant and of the several false and fraudulent representations as aforesaid, the plaintiff has lost said sum of three hundred dollars, with interest thereon from said 21st day of November, 1881, and spent time and labor and has been put to great expense personally, and in the employment of counsel in attempting without success to enforce said order against said town."

To this declaration, the defendant filed a demurrer, which after joinder was overruled by the court, and the defendant excepted.

Before trial, plaintiff offered the following amendment to his declaration, and to which defendant objected as a new and different cause of action, and not allowable in the then state of pleading. Amended declaration, same as before, (inserting the words "undertook and warranted" after represented in the eighth line, inserting the words "had been duly authorized by said town" in place of the allegation, had power and authority to hire money in behalf of said town,) alleges, after the line 15, as before, "and by means of the said defendant's false and fraudulent representations and warranty aforesaid, and by means of a certain pretended town order signed by said defendant, and by said Skinner, as selectmen aforesaid, in the words and figures following: (town order as before)

And by means also of the false warranty, contained in said order, that the same was valid and binding on said town, said plaintiff was then and there induced to and did loan and advance to said defendant, and to said Skinner, for said town, the sum of three hundred dollars in money. Whereas, in truth and in fact, neither said defendant, nor said Skinner, had any power or authority to hire money in behalf of said town, for any purpose, or to execute or deliver any valid order therefor, either on said town or on its treasurer, and said order was not valid or binding on said town: and by reason wholly of the false warranty of said

defendant, and of the several false and fraudulent representations as aforesaid, the plaintiff has lost said sum of three hundred dollars, with interest thereon, from said 21st day of November, 1881, and spent time and labor, and has been put to great expense, personally, and in the employment of counsel in attempting, without success, to enforce said order against said town."

After the testimony was out, the case was reported to the law court to draw such inferences as a jury might, from the legally admissible evidence, and allow the amendment to the declaration, if allowable.

The facts are stated in the opinion.

*Baker, Baker and Cornish, J. O. Bradbury*, with them, for plaintiff.

If a person, acting as agent, represents that he is authorized to do a certain act in behalf of his principal, when in fact he has not such authority, he is liable either in tort or contract, as for a false warranty to any person who has suffered loss on the strength of such false warranty. 1 Chitty Con. 313, (11th Am. Ed.); *Thomson* v. *Davenport*, 2 Smith, L. C., 367, 368; *Collen* v. *Wright*, 8 E. & B. 648; *Lewis* v. *Nicholson*, 18 Q. B. 503, 510; *Jefts* v. *York*, 10 Cush. 392, 395; *Noyes* v. *Loring*, 55 Maine, 408; *Teal* v. *Otis*, 66 Id. 329; *Cherry* v. *Bank*, L. R., 3 P. C., 24; *Richardson* v. *Williamson*, L. R., 6 Q. B. 278; *Beattie* v. *Lord Ebery*, 7 L. R., Ch. Ap. 777; *Randell* v. *Trimen*, 18 C. B. 786; *Hughes* v. *Graeme*, 33 L. J., Q. B., 335; *Bartlett* v. *Tucker*, 104 Mass. 336, 340; *Royce* v. *Allen*, 28 Vt. 234; *Baltzen* v. *Nicolay*, 53 N. Y. 467, 469; *Dung* v. *Parker*, 52 Id. 494; *White* v. *Madison*, 26 Id. 117; 1 Chit. Pl. 41, note S; Story's Agency, § 264; Thompson's Liability Officers, &c., pp. 1, 80, and notes.

Plaintiff's case: Defendant, as selectman, represented and warranted by signing and giving town order for hired money, that he had received authority from the town to hire this money, when in fact he had no such authority, and plaintiff having advanced his money in good faith on the strength of this false warranty, the defendant is liable.

No particular words necessary, to constitute such representation or warranty. Naked assumption of authority, a warranty that

the authority exists. Order bears upon its face express representation that it is "for money hired to pay town debts for the year 1881."

Defendant, as selectman, had no authority to hire money, on behalf of the town, without express authority by vote of the town. *Otis* v. *Stockton*, 76 Maine, 506 and cases cited.

Where one of two innocent parties must suffer from the fraud of a third, the loss should fall on the one who enabled the third party to commit the fraud. Campbell's Sale of Goods and Com. Agency, p. 35, and cases there cited. Principle extended to cases of mere negligence or misplaced confidence. Id. p. 35. Rule as applied to blanks in an instrument: (negotiable paper) *Bank* v. *Neal*, 22 How. 96, 107; *Davidson* v. *Lanier*, 4 Wall. 447, 457; *Angle* v. *Ins. Co.*, 92 U. S. 330; 1 Daniel Nego. Inst., § 836; *Abbott* v. *Rose*, 62 Maine, 194, 202; (stock certificate, non-negotiable) *Sewall* v. *Water Power Co.*, 4 Allen, 277, 279, 282; (Sealed instruments) *So. Berwick* v. *Huntress*, 53 Maine, 89; *Drury* v. *Foster*, 2 Wall. 24. Defendant made Skinner his appointed agent, by intrusting him with order in blank. He was culpably negligent, and plaintiff innocent of wrong. Defendant not equally innocent.

Where the action is contract on implied warranty of authority, no fraud need be proved. Neither *scienter*, nor *mala fides* are material. *Collen* v. *Wright*, and cases, *supra; Trowbridge* v. *Scudder*, 11 Cush. 83, 87; 2 Chitty Pl. 262, 16th Am. Ed.

If action be in tort, it is in the nature of a false warranty, and governed by its own peculiar rules. *May* v. *Tel. Co.*, 112 Mass. 90, 94.

Misrepresentation, was one of fact, and not of law. *Beattie* v. *Lord Ebery, supra.* Non-existence of necessary vote of town, not known to plaintiff. *Richardson* v. *Williamson, supra.* Parties do not stand equal in duty and means of knowledge therein. Bigelow's Torts, pp. 19, 20. Plaintiff may rest upon defendant's representation, and forbear personal examination. *Weare* v. *Gove*, 44 N. H. 196; Story's Agency, § 264; *May* v. *Tel. Co., supra;* Kerr's Fraud and Mistake, pp. 78, 80; *Chapham* v. *Shillito*, 7 Beav. 149; Benj. Sales, § 429, note c. 2d Am. Ed. and exhaustive dis-

cussion in 2 Pom. Eq., §§ 887, 891, and notes § 895, *et seq;* Thomp. Neg. p. 1175. Same as to matter of record. *David* v *Park,* 103 Mass. 501; *Ward* v. *Wiman,* 17 Wend. 193; *Brown* v. *Castles,* 11 Cush. 348, 350; *Atwood* v. *Chapman,* 68 Maine, 38; Pom. Eq., § 810, and note p. 275.

Defendant liable although a public agent. *Noyes* v. *Loring; Weare* v. *Gove, supra.*

*D. D. Stewart,* for defendant.

Alleged fraudulent representations, were matter of opinion,— matter of law, about which plaintiff knew as much as defendant did, or could. *Holbrook* v. *Connor,* 60 Maine, 578, 580, 581, 584, 585; *Bishop* v. *Small,* 63 Id. 12; *Norton* v. *Marden,* 15 Id. 44, 45.

Selectmen, as such, having no power to hire money upon town's credit, even to pay a town debt, plaintiff, if he had made reasonable inquiry would have ascertained whether the order was given for a matter for which the credit of the town could properly be pledged by the selectmen. *Rich* v. *Errol,* 51 N. H. 359; *Lincoln* v. *Stockton,* 75 Maine, 141, 145; *Ladd* v. *Franklin,* 37 Conn. 53; *Hartford* v. *Bank,* 49 Id. 539; S. P. *Otis* v. *Stockton,* 76 Maine, 506, and cases cited. One who contracts with a municipal corporation, or its officers, is bound at his own peril to know the limits of municipal power, and officers' authority. *Farnsworth* v. *Pawtucket,* 13 R. I. 82; *Sanford* v. *McArthur,* 18 B. Mon. 421; S. P. *Parsons* v. *Monmouth,* 70 Maine, 264; *Owings* v. *Hall,* 9 Pet. 608, 628, 629; *White* v. *Langdon,* 30 Vt. 599; *Goodrich* v. *Tracy,* 43 Id. 314. This doctrine, especially reasonable and pertinent, when a party deals with selectmen and is resident of the town. *Ladd* v. *Franklin, Farnsworth* v. *Pawtucket, supra, Austin* v. *Coggeshall,* 12 R. I. 329, 332; *Bank* v. *Winchester,* 8 Allen, 120, 121. Plaintiff bound to examine town records. Cases in Conn., N. H., R. I. & Ky. *supra; Parlin* v. *Small,* 68 Maine, 289, 291. No deceit, fraud, or warranty, where subject matter is equally open to the knowledge, or inspection of each party. *Poland* v. *Brownell,* 131 Mass. 138, 142; *Leavitt* v. *Fletcher,* 60 N. H. 182, 183.

When a party dealing with an agent has same means of

knowledge that the agent has, as to extent of his authority, agent not personally liable. *Paddock* v. *Kittredge*, 31 Vt. 378, 384; *Snow* v. *Hix*, 54 Id. 478; *Smout* v. *Ilbery*, 10 Mees. & Wels. 1; *Jones* v. *Downman*, 4 A. & E. (N. S.) 235 to 239; S. C. 45 Eng. Com. Law, R. 234; *Jefts* v. *York*, 10 Cush. 395, 396; Story's Agency, § 265, and note. Declaration alleges a loan to defendant. This would be a fraud upon the town, to which plaintiff was a party. No allegation that defendant knew his representations were false. *Carter* v. *Peak*, 138 Mass. 439; *Randell* v. *Trimen*, 18 C. B. 786; *Tryon* v. *Whitmarsh*, 1 Met. 1; 2 Chitty's Pl. 691, 692, 693, 694.

Amended count alleges the loan was "for the town," introduces a new cause of action, and intended to relieve plaintiff from his attempted fraud upon the town, in taking a town order from a selectman in payment of his private debt. Plaintiff guilty of negligence. Counsel also cited: *Webster* v. *Larned*, 6 Met. 522; *Middlebury* v. *Rood*, 7 Vt. 125.

*Plaintiff, in reply.*

Defendant responsible for representations made over his signature the same as for direct oral assertions. Cases cited, on this point, by defendant, relate to actions against corporation itself, or plaintiff had actual knowledge of falsity of representation and warranty. In *Sanford* v. *McArthur*, defendant's name was not on the unauthorized notes.

Principle of liability not confined to private agents alone. *Noyes* v. *Loring*, and *Weare* v. *Gove*, *supra*, cases of public officers.

Defendant can not set up defense of being a public officer. He ceased to act as such, by exceeding his authority, and went out of his way to do a private wrong.

Viewed in the light of the decided cases, it was a personal contract, from which he is not relieved by being also a public officer.

WALTON, J. The material facts in this case are few. The plaintiff asked one J. M. Skinner, then chairman of the board of selectmen of the town of St. Albans, if the town was in need of money, and whether the selectmen were authorized to hire money in behalf of the town; and, having received affirmative answers,

he let Skinner have $300 and took a town order for it. What Skinner did with the money does not appear. He has absconded, and it may be that he embezzled it; but of this there is no proof. The order was signed by Skinner, and purports to have been signed by the defendant, who was also a member of the board of selectmen. But this use of the defendant's name was not authorized. The defendant had signed four or five blank orders to be used in the renewal of some orders then outstanding against the town, and Skinner, without the knowledge or consent of the defendant, used one of these blanks on which to write the plaintiff's order. The defendant testifies that he never authorized or ratified this use of his name, and had no knowledge of the transaction till this action was commenced against him.

The action is in form an action on the case for deceit. The plaintiff charges the defendant with having falsely and fraudulently represented to him that he and Skinner had authority to hire money in behalf of the town, and to execute valid orders therefor, when in truth and in fact they had no such authority.

Can the action be sustained? We think not. We have examined the authorities with care, and given to the question much thought, and we can find no satisfactory ground on which a decision in favor of the plaintiff can rest. We assume that Skinner practiced a fraud upon the plaintiff, but we can find no rule of law which, upon the facts established by the evidence, will make the defendant responsible for that fraud. The defendant made no false representations to the plaintiff. He had no knowledge of the transaction, or any connection with it whatever, except that he had signed a blank order for another and a different purpose, and Skinner, without his knowledge or consent, used the blank on which to write the plaintiff's order.

The argument is pressed upon us that Skinner ought to be regarded as the defendant's agent; but we can find no rational ground for so regarding him. Selectmen are not the agents of each other. Between them the relation of principal and agent does not and can not exist. Their authority is not transferable. An attempt to transfer it would be null and void. One selectman can not possibly exercise the authority of another. The law does not allow it. And the plaintiff is chargeable with notice of this fact;

and he can not be allowed to say that in making his contract with Skinner, he supposed Skinner was acting as the agent of either of the other members of the board. He could, if he chose, rely upon Skinner's word that another member of the board had sanctioned the contract; but for the truth of such a representation he would have no right to rely upon any one except Skinner. And, evidently, the plaintiff's loss is the result of his reliance upon Skinner. If he had made his contract with a majority of the board, as the law requires all such contracts to be made, and had delivered his money into the custody of a majority of the board, there is no reason to suppose that he would have lost it. Or, if he had consulted a majority of the board, undoubtedly he would have been informed of the want of authority in the selectmen to hire money for the town, and thus avoided his loss. But he seems to have had full confidence in Skinner. He consulted him alone, he made his contract with him alone, he delivered his money to him alone, and if he loses it, we think he must look to Skinner alone for his indemnity.

It is urged that the defendant was careless in signing a blank order and leaving it with Skinner. Perhaps he was. It can now be seen that it was dangerous to do so. But the defendant was not more careless in trusting Skinner with a blank order than the plaintiff was in trusting him with money when no other member of the board was present to witness or sanction the transaction. And in this particular they are in *pari delicto*. And if it be true, as counsel urge, that Skinner's fraud would not have been possible but for the defendant's negligence, it is equally true that the fraud would not have been possible but for the plaintiff's negligence. Both trusted him and both were deceived by him. But negligence alone, if proved, will not support the action. The gist of the action is the alleged fraud and deceit, and, unless these are proved, the action is not maintained. *Tryon* v. *Whitmarsh*, 1 Met. 1; *Kingsbury* v. *Taylor*, 29 Maine, 508. And very clearly the allegations of fraud and deceit on the part of the defendant are not proved.                    *Judgment for defendant.*

PETERS, C. J., DANFORTH, VIRGIN, EMERY and FOSTER, JJ., concurred.