LEONARD S. BLONDES *v.* ALAN HAYES ET AL.

[No. 403, September Term, 1975.]

*Decided January 5, 1976.*

664

The cause was argued before ORTH, C. J., and MORTON and LOWE, JJ.

*Glenn Howard*, with whom was *Morris Neidorf* on the brief, for appellant.

*Aaron M. Levine* for appellee Alan Hayes. *Michael A. Schuchat* for appellee Takoma Park Shopping Center, Inc.

LOWE, J., delivered the opinion of the Court.

Appellant Leonard S. Blondes leased property from appellee Takoma Park Shopping Center (Takoma) upon which he erected a miniature golf course. Blondes sold that business to appellee Alan Hayes for $12,000, together with Hayes' agreement to pay Blondes' rent to Takoma.

Subsequently, Hayes sued Blondes in the Circuit Court for

Prince George's County claiming that Blondes, "a practicing attorney ... highly conversant and familiar with legal, business and financial matters" sold the business to Hayes, "a non-lawyer and with limited education and no familiarity with legal or business matters," by misrepresenting that:

1. the course would be financially profitable;
2. all building, zoning and other regulations were satisfied;
3. Hayes would receive stock of a valuable corporation and
4. a valuable leasehold interest plus valuable fixed assets; and that
5. the leasehold could be used for other business activities.

Additionally Hayes claimed reliance upon express and implied warranties breached by Blondes. Hayes sued for the return of his purchase price under each count.

Blondes then entered a third party claim against Takoma contending that "if the allegations of [Hayes] are true," Takoma would be liable to Blondes for breach of contract (the lease) and for interference with a business relationship, *i.e.*, Blondes and Hayes. Blondes claimed indemnification and damages of $32,000 in each count.

Since Hayes had declined to pay Takoma rent prior to filing his suit (nor had Blondes done so), Takoma sued its lessee Blondes in the District Court of Prince George's County in summary ejectment, and for its past due rent. Blondes replied with a counterclaim asserting substantially that which he had included in his third party claim against Takoma in the Circuit Court. He claimed his damages were "in an amount in excess of $32,000, but not presently determinable and ... [prayed] leave of Court to plead such damages when they are ascertained." In the second count of the third party claim "(Interference with Business Relationship)" his demand was a little more explicit:

"WHEREFORE, ... defendant further demands an award of damages for his loss of $32,000.00 or such

additional or different sums according to proof, plus costs and such other relief as the Court deems proper under the circumstances."

The District Court declined to recognize the counterclaim on jurisdictional grounds, but rendered judgment in the amount of $1125 for rent due to Takoma. Blondes appealed the District Court decision and obtained a stay of execution pending appeal. All cases were then consolidated and tried before a jury in the Circuit Court for Prince George's County. The matter was submitted on issues and the jury found:

1. in favor of Hayes and against Blondes, damages assessed in the amount of $10,000; and

2. in favor of Blondes against Takoma, assessing damages in the amount of $1125.

Only Blondes has appealed. He assigns three errors which he claims so prejudicial as to warrant reversal.

"The Trial Court committed prejudicial error by allowing the jury to consider evidence concerning the source and nature of appellee Alan Hayes' original purchase funds.

The Trial Court erred by directing the jury that any judgment rendered in favor of appellant Blondes would be limited to certain specified amounts.

The Trial Court erred by allowing the Takoma rent action to stand without remanding it for further proceedings."

Source of Hayes' Purchase Funds

In his opening statement, Hayes' attorney said to the jury:

"Alan Hayes is the Plaintiff and he is suing Mr. Leonard Blondes. He is suing for a misrepresentation, which has also been called fraud. He is also suing for a breach of warranty.

Let me explain what these things are.

On March 29 of 1972, Mr. Hayes had some

savings that he received from a case he had where his daughter was seriously injured and he obtained some money.

MR. NEIDORF: I object to this sort of introduction. I don't think it matters where the money came from.

THE COURT: Overruled."

When Hayes took the stand he explained having seen the advertisement for the sale of Blondes' golf course in the newspapers. The following information was then elicited, as outlined in the opening statement:

"Q. Were you at that time looking for some business opportunities?

A. Yes.

Q. Can you give us the nature of the circumstances or what surrounded your ideas of looking for a business opportunity?

A. Well, I had a set income and a family to raise and my daughter had been injured and had extensive brain damage and the care she would have needed in the future was hard to determine and as a result of her getting in an accident and getting a brain injury I received ten thousand dollars that I thought it would be best to be used being invested to try to enhance my income at that time."

Although faced with the previous ruling indicating what might be expected from further objection, counsel stepped once again into the breach — if at first somewhat hesitantly — thus obviating possible waiver, *State Roads Comm. v. Bare*, 220 Md. 91.

"MR. NEIDORF: Your Honor, I think this is irrelevant about his daughter.

THE COURT: Mr. Neidorf, if you have an objection, make it.

MR. NEIDORF: I object, Your Honor.

THE COURT: Overruled.

MR. NEIDORF: I ask that it be stricken.

THE COURT: Overruled."

Although his objection was prefaced by an observation on the irrelevance of the testimony, the court did not request, nor did counsel offer, the specific grounds for his objection, Md. Rule 522 b and d 1. Therefore, he is entitled to a general review of the admissibility of the disputed evidence, as opposed to a review limited to those grounds articulated on the record, as he would be had he been asked his specific grounds for objection by the judge, *Wilt v. Wilt*, 242 Md. 129; *Ross v. State*, 24 Md. App. 246.

There are two possible grounds upon which objection to this evidence may have been based: materiality and/or relevancy. We will treat the objection as having raised both since these terms are often used interchangeably in the courtroom. *McCormick on Evidence*, (2nd ed.) at 434. McCormick further explains:

> "If the evidence is offered to prove a proposition which is not a matter in issue or probative of a matter in issue, the evidence is properly said to be immaterial.
>
> . . .
>
> Relevancy, . . . is the tendency of the evidence to establish a material proposition.
>
> . . .
>
> . . . the most acceptable test of relevancy is the question, does the evidence offered render the desired inference *more probable than it would be without the evidence?*" at 434-437.

The basic question before the jury in this case was whether Blondes was guilty of the tort of misrepresentation in selling his business to Hayes. To prevail in such a suit, a plaintiff must prove the elements of misrepresentation.

These elements are set forth in *Lambert v. Smith*, 235 Md. 284, 287:

" . . . (1) that the representation is false; (2) that its falsity was either known to the speaker or . . . was made with . . . reckless indifference to the truth . . .; (3) that it was made for the purpose of defrauding the person claimed to be injured thereby; (4) that such person not only relied on the misrepresentation but had a right to rely on it and would not have acted but for it; and (5) that he actually suffered damage as a result of it." [1]

In his brief to this Court, Hayes dismissed appellant's argument of irrelevancy peremptorily. He stated that "Maryland has held that the relative position, education, training and experience of the parties may be brought into issue in a misrepresentation case. *Fowler v. Benton*, 185 A. 2d 344 [229 Md. 571]." That case, however, does not remotely stand for, nor even allude to, the proposition thus asserted. Hayes' only other contention is that:

"Since reasonable reliance is one of the essential factors in a misrepresentation action, Maryland Encyclopedia Fraud §2, the experience of the appellee becomes relevant in his right to rely on the statements of appellant, and the source of his funds therefore becomes evidentiary in explaining the nature of his previous business dealings."

Strain as we might to follow appellee's reasoning, we see absolutely no probative value in the facts that Hayes had:

1.  a set income;
2.  a family to raise;
3.  an injured daughter,
     a.  the nature and extent of her injury (brain damage),

---

1. The lower court's instructions, although differently worded, are essentially in accord as to the elements of this cause of action.

b. the care she would need in the future,
c. the source of the injury;
4. the monetary recovery from the injury;
5. the need to invest the funds recovered.

Even accepting Hayes' contention that such evidence is material in that it was offered to prove Hayes' reasonable reliance on the misrepresentation and relevant in that it tended to prove that Hayes was unsophisticated in business dealings by showing that money used to purchase the business was not accumulated from successful business ventures, only the fact that the source of the funds was a personal injury suit has any probative worth. Hayes' claim of admissibility is thus narrowed to the fine proposition that "[t]he fact that appellee received money through settlement of a personal injury claim could . . . be considered relevant to his expertise and experience in handling funds." This attenuated logic, while establishing an arguable basis for admission of the evidence in question, still fails to establish the propriety of such admission.

McCormick tells us in Chapter 16 at 438, that relevancy is not always enough. The probative value of the evidence must be weighed against its prejudicial effect. "[I]ts tendency to prove the issue in dispute [reliance upon Blondes' misrepresentation] must be weighed against the tendency of the offered evidence to produce passion and prejudice out of proportion to its probative value." *State v. Flett*, 234 Ore. 124, 380 P. 2d 634, 94 A.L.R.2d 1082, 1085. As to that question, the views of the litigants are contrasting. The appellant considers it to be "staged testimony" and "obviously a ploy to gain the jury's sympathy." Appellee Hayes contends that "[i]n any event, relevant or not, prejudicious or not, the statements were insignificant and picayunish." Weighing the evidence on the McCormick balance, we hold that its prejudicial effect clearly outweighed its probative value. But that is still not enough for us to mandate reversal.

There must be injury as well as error to authorize a

reversal, *State v. Eye, Ear, Etc., Hospital,* 177 Md. 517, 522,[2] and the burden is on the appellant in all cases to show prejudice as well as error. *Rippon v. Mercantile-Safe Dep.,* 213 Md. 215, 222.[3] Since we may not inquire of jurors the reasons for their verdict, we are restricted to seeking probabilities of prejudice as opposed to proofs thereof. In *Lawson v. Price,* 45 Md. 123, 133, the Court said:

> "Before we can reverse the ruling excepted to, we must be able to see that the party really has ground for exception, *and may have been injured* by what was done." (Emphasis added).

In *Dobbs v. State,*[4] 148 Md. 34, 48-49, in an opinion in which four judges joined in concurring with the per curiam opinion of the Court, Judge Offutt states:

> "In my opinion, therefore, when the errors are of such a character, and so interwoven with the case, as to lead a fair and impartial mind, trained and experienced in judicial investigation, upon an examination of the whole case and all the rulings involved therein, to the conclusion *that there is a reasonable probability that such errors may have affected the determination of the case,* they are prejudicial and reversible." (Emphasis added).

Thus guided by the "may have been injured" test, we have sought and found circumstances of "reasonable probability." Although Hayes' evidence proved the purchase price he had paid and for which he sued to have been $12,000, the jury returned its verdict in the amount of $10,000. In the absence

---

2. Citing "*Pratt v. Johnson,* 6 Md. 397; *United Rys. & Electric Co. v. Dean,* 117 Md. 686, 702, 84 A. 75; *Dettering v. Levy,* 114 Md. 273, 279, 79 A. 476; *Swindell Bros. v. J. L. Gilbert & Bros.,* 100 Md. 399, 60 A. 102; *Chesapeake & Potomac Tel. Co. v. Carey,* 124 Md. 527, 93 A. 11; *American Express Co. v. Terry,* 126 Md. 254, 94 A. 1026." Id. at 522-523.

3. Citing Sieland v. Gallo, 194 Md. 282; Balto. Transit Co. v. Castranda, 194 Md. 421.

4. Although this is a criminal case, no distinction was made as to civil or criminal harmless error prior to Chapman v. California, 386 U. S. 18 (1967).

of any other testimony or evidence upon which the jury might have relied, it is reasonable to infer that it chose to return only so much of the purchase price as was advanced from the proceeds obtained "as a result of her [the daughter] getting in an accident and getting a brain injury . . .," which appellant specified as $10,000. Seldom are circumstances of such inferential prejudice so apparent.

We hold, therefore, that the testimony was inadmissible as being irrelevant for the most part and unduly prejudicial however viewed. We further hold that injury has been shown by clear indicia of probable prejudice:

> "In reaching this conclusion we have not disregarded or been unmindful of the well established principle . . . that in all cases where the inquiry turns upon intention and motive, and where fraud, corruption and the like constitute the gist of the action, any fact, however slight, if at all relevant to the issue, is admissible in evidence." *Knell v. Briscoe*, 49 Md. 414, 422.

Still there must be limits to the inquiry, and it must be apparent to the court that the evidence offered, however remote, has some pertinency to the issue. *Jameson and Wife v. Hall & Ames*, 37 Md. 221, 233; *Davis v. Calvert, et al.*, 5 G & J 269. The daughter's accident, her lamentable injury, Hayes' need to raise a family on a set income, and the impaired daughter's needs in the future had not the slightest bearing on the issues. The fact that the funds invested were not procured by business acumen is not of such probative worth as to warrant the admissibility of evidence which is so highly prejudicial. The error of admission is reversible.

### The Limit of Recovery — The Rent Action

Our reversal of the basic judgment precludes the necessity of responding to appellant's second and third questions. We are compelled, however, to interject a note of caution upon remand.

The initial pleading by Hayes premised upon an action of deceit, contained among its claims of misrepresentations,

certain representations concerning the future value or expected profitableness of the business. Such future expectancies are not appropriate grounds for jury consideration. *Boulden v. Stilwell*, 100 Md. 543, 555-556. In *Appel v. Hupfield*, 198 Md. 374, 379, the Court of Appeals said:

> "In actions for deceit we recognize a clear distinction between (1) representations of past or existing fact and (2) expressions of opinion as to what will happen in the future. Ordinarily fraud cannot be predicated upon statements which are promissory in their nature, and therefore an action for deceit will not lie for the unfulfillment of promises or the failure of future events to materialize as predicted. Failure to fulfill a promise is merely a breach of contract, which must be enforced, if at all, by an action *ex contractu*. *Boulden v. Stilwell*, 100 Md. 543, 552, 60 A. 609, 1 L.R.A., N. S., 258; *Knowlton v. Keenan*, 146 Mass. 86, 15 N. E. 127; *Sachs v. Blewett*, 206 Ind. 151, 185 N. E. 856, 188 N. E. 674, 91 A.L.R. 1285; *Tucker v. Owen*, 4 Cir., 94 F. 2d 49."

We further note that Count II of the third party action brought by Blondes against Takoma sought damages for "Interference with a Business Relationship" in excess of those claimed against Blondes by Hayes in the initial action. Third party actions are limited by language of the rule to the damages " . . . for all or part of the plaintiff's claim against him." Md. Rule 315 (a). See *White v. Land Homes Corporation*, 251 Md. 603; *Allen & Whalen v. Grimberg Co.*, 229 Md. 585.

Finally, we are unable to explain how an appeal of the District Court case for rent could be consolidated with the action for deceit in light of Cts. Art., § 12-401 c providing that civil cases in which the amount in controversy in the District Court exceeds $500, when appealed to the Circuit Court, shall be heard on the record made in the District Court. In any case, the District Court action is not directly

674

appealable beyond the Circuit Court level as of right, and may only be reviewed upon writ of certiorari by the Court of Appeals.

Because of the confused state of the record on appeal, attributable to all parties to the appeal, we shall assess costs equally.

> *Judgment in favor of appellee Hayes against Blondes for $10,000 reversed and remanded for retrial.*
> *Costs to be divided equally among the three litigants.*