CHARLES ALEXANDER & others vs. MAXIMILIAN KAISER.

Suffolk.   March 7, 1889. — May 14, 1889.

Present: MORTON, C. J., FIELD, DEVENS, W. ALLEN, & HOLMES, JJ.

*Witness — Immaterial Cross-examination — Non-contradiction.*

If a question is put to a witness on cross-examination, which is collateral or immaterial to the issue, his answer cannot be contradicted.

CONTRACT for goods sold and delivered.   After the former decision, reported 144 Mass. 71, the case was again tried in the Superior Court, before *Mason*, J., who, after a verdict for the plaintiffs, allowed a bill of exceptions, which, so far as material, appears in the opinion.

*S. A. B. Abbott*, for the defendant.

*E. Avery & G. M. Hobbs*, for the plaintiffs.

MORTON, C. J.   Under the former decision in this case, the Superior Court rightly admitted the books of the plaintiffs, supported by the suppletory oath of the person who made the entries, as evidence of the sale and delivery of the goods sued for.   *Kaiser* v. *Alexander*, 144 Mass. 71.   The defendant contends that the books were allowed to be used for an unlawful purpose; but upon this point the bill of exceptions is not clear, and we need not consider it, as there is another ground upon which a new trial must be granted.

Upon the cross-examination of the defendant, he was shown a note signed by Frost and Company, payable to and purporting to be indorsed by him, and he was asked if he did not give that note to the plaintiffs in part payment of a bill of goods sold by them to him.   He answered, that he did not, that he had never seen the note, and that the indorsement was a forgery.   On rebuttal, one of the plaintiffs and their bookkeeper were allowed to testify, for the purpose of contradicting the defendant, " that the Frost & Co. note was brought to them by the defendant, and offered, and received by them in part payment of a bill of goods, not being any of the goods described in the declaration, then due from the defendant, that the defendant indorsed the note in

their presence, and had after it was due said he would pay it." This evidence was clearly prejudicial to the defendant, and therefore its admission, if erroneous, furnishes a ground for a new trial. It is to be observed that the Frost and Company note, though originally sued on, was withdrawn by the plaintiffs, and no recovery was sought thereon.

The evidence related to an independent and distinct transaction, which was not involved in any issue in this case, but was collateral and immaterial. If a party cross-examines a witness upon a collateral matter, he must take the answer as it is given ; he cannot contradict it, and thus raise an immaterial and foreign issue, of which the other party has no notice, and which he may not be prepared to meet. *Eames* v. *Whittaker*, 123 Mass. 342. *Shurtleff* v. *Parker*, 130 Mass. 293. This rule of law was disregarded by the admission of the evidence above stated, and therefore the defendant is entitled to a new trial.

*Exceptions sustained.*