WILLIAM N. PIKE *vs.* DAVID McINTOSH.

Middlesex.    November 17, 1896. — January 8, 1897.

Present: FIELD, C. J., ALLEN, KNOWLTON, MORTON, & LATHROP, JJ.

*Parol Evidence inadmissible to vary Written Agreement — Instructions.*

Parol evidence is inadmissible to vary a written agreement which is clear in its terms, and expresses the result of the conversation of the parties to it.

CONTRACT, to recover $1,000 upon the following agreement, signed by the defendant: "I will pay the bill for kiln built at Revere, but will not pay the $250 for right to use it. If I conclude to build more of your kilns I will pay you $1,000 for the right to use them providing you give me a plan of your kilns plain enough to work by."

The answer was a general denial, and the allegation that the first kiln built did not prove to be as represented by the plaintiff, and an agreement that the second kiln should be built by the defendant as a test of the merits of the plaintiff's invention.

At the trial in the Superior Court, before *Bishop*, J., the jury returned a verdict for the plaintiff; and the defendant alleged exceptions. The facts appear in the opinion, and in a note by the reporter.

*D. C. Linscott,* for the defendant.

*J. F. Wiggin,* for the plaintiff.

ALLEN, J. So far as the construction of the written agreement declared on is concerned, the case falls within the general rule that it could not be varied by parol evidence. According to the testimony of both parties, their talk resulted in the written agreement, which is clear in its terms, and must be taken to express the result then arrived at. The first kiln was not satisfactory to the defendant, and he declined to pay for it. The plaintiff's bill was $1,650 for the cost of the kiln, and $250 more for the right to use it. The parties had a discussion about it, and finally the defendant drew up and signed the written agreement, for the purpose of showing distinctly what his proposition was. This proposition was afterwards accepted by the plaintiff. The defendant afterwards built another kiln according to plans furnished by the plaintiff, and he paid the $1,650. The question is as to his liability to pay the further sum of $1,000. The construction put upon the terms of this agreement was clearly right, and it could not be varied by oral evidence that at the time of making it the defendant was to have the right to build another kiln experimentally, without paying anything unless it should prove successful. *Doyle* v. *Dixon,* 12 Allen, 576.

The instructions given to the jury as to the alleged later oral agreement were full and sufficient.[*]          *Exceptions overruled.*

---

[*] The defendant asked the judge to instruct the jury, 1. that if they should find that it was understood at the time the paper was signed, that the defendant should have the right to build another kiln in accordance with the plans, in order to test the invention, and should only be liable for the thousand dollars in case he built more kilns, that is, more than the first two kilns, then their verdict must be for the defendant; and, 2. that if it was understood, at the time the defendant built the second kiln, that he should only be liable for the thousand dollars in case he should build more than this second kiln, then the verdict must be for the defendant. The judge refused so to instruct them, except so far as the same might be included in his later instructions, and did instruct them, among other things, that parol evidence was inadmissible to vary the written agreement, and that the case was narrowed to the issue whether the agreement was binding upon the parties, because it was the ultimate result to which they came by the negotiations, as a matter of fact; or whether they had a subsequent arrangement, two or three days after, when the defendant said they did, and the plaintiff said they did not, by which it was laid aside until another test should be made.