HENRY WOOD'S SONS COMPANY *vs.* HENRY T. SCHAEFER.

Suffolk.    March 30, 1899. — May 19, 1899.

Present: HOLMES, KNOWLTON, MORTON, LATHROP, & HAMMOND, JJ.

*Promissory Note — Action — Defence — Evidence — Collateral Security — Corporation.*

If A., the treasurer and manager of a corporation, agrees, in view of services rendered by B. to the corporation, to buy of B. shares of stock in another corporation, and gives him a check in payment for them, and B., to enable A. "to square himself with his own corporation," from which the money comes, gives A. "the use of" a promissory note made payable to the corporation with the shares as collateral security, A. promising to take care of the note when it shall fall due, A.'s agreement is collateral and personal, and the corporation is entitled to enforce payment of the note.

An agreement by the payee of a promissory note not to enforce the note according to its tenor, made at the time when the note is delivered, cannot be proved in an action upon the note.

In an action upon a promissory note, the defendant is not entitled to a ruling that, if shares of stock were given as collateral security for the payment of the note, and if sold within a reasonable time after the maturity of the note would have been sufficient to pay it, the plaintiff cannot recover, no request having been made to sell the shares, which had declined in value.

If A., who has been promised by the treasurer of a corporation not owning a majority of the stock that he shall be president with a stated salary, subsequently is elected for a year president of the corporation, the by-laws of which provide for payment of no salary to such officer, and there being no vote making any contract or giving any salary, he cannot maintain an action against the corporation for his services, the treasurer's promise never having been communicated to the other directors, and there being no evidence warranting the finding of a promise of pay by implication on the part of the corporation.

CONTRACT, upon a promissory note for $2,500, dated June 19, 1896, payable four months after date to the plaintiff or order, and signed by the defendant. At the trial in the Superior Court, before *Braley*, J., the jury returned a verdict for the plaintiff; and the defendant alleged exceptions. The facts appear in the opinion.

*W. R. Bigelow*, for the defendant.

*B. L. M. Tower & R. S. Bartlett*, (*E. O. Hiler* with them,) for the plaintiff.

HOLMES, J. This is an action upon a promissory note. The defence is a denial that the transaction was what it appeared to be on the face of the papers. There is also a claim in set-off for services as president of the plaintiff corporation. At the trial, the plaintiff's evidence was that the plaintiff discounted for the defendant a note, of which the note in suit is a renewal, giving a check for fifty dollars less than the note and receiving twenty-five shares of the Corson Coal Company as collateral security as soon as the defendant was able to release them from a previous pledge by the money thus obtained. The note and the certificate indorsed in blank by the defendant were produced, and the execution of the instrument was not denied. The defendant testified that, in view of services which he had rendered to the plaintiff, Edmund M. Wood, its treasurer and manager, agreed to buy the twenty-five shares of him, and gave him the check as payment for them, and that the defendant, to enable Wood " to square himself with his own corporation," from which the money came, gave Wood " the use of " the original of the note in suit with the shares as collateral security, Wood promising to take care of it when it should fall due. The judge left it to the jury to say whether the defendant's story was true, and instructed them to find for him if they accepted it. They found for the plaintiff.

It would be hard to say that the course adopted did not save all the defendant's rights if the alleged agreement had been proved, although the instructions were not so specific as those asked. It really gave the defendant quite as good a chance to prevail upon his improbable story. But it is plain, further, that even on the defendant's account Wood's agreement was collateral and personal. The defendant's note was to be given to the company in order to justify Wood's draft upon it to pay for the shares. If the defendant did not contemplate a fraud on the company, the company was entitled to enforce the note, although Wood promised on his own behalf that he would forestall its doing so by paying it. Finally, if the defendant's counsel, contrary to the plain meaning of the defendant's evidence, wanted to contend that Wood's agreement was an agreement by the company not to enforce the note according to its tenor, such an agreement made at the time the note was delivered is in flat contradiction of the instrument, and cannot be proved. *Perry* v. *Bigelow*, 128 Mass. 129. *Hall* v. *First National Bank of Chelsea*, *ante*, 16.

The shares held as security declined in value. A ruling was asked to the effect that, if the shares were given as collateral security either by the defendant or by Wood, and, if sold within a reasonable time after the maturity of the note, would have been sufficient to pay the note, the plaintiff cannot recover. Such is not the law. The defendant made no request that the plaintiff should sell, and nothing is disclosed in the evidence to prevent the plaintiff from doing what it liked. *Newsome* v. *Davis*, 133 Mass. 343.

The defendant's claim for set-off is also based upon a conversation with Wood, in which, as the defendant says, Wood, in gratitude, or more, for past services to the plaintiff, promised him that he should be president, with a salary of six hundred dollars for the first year. Subsequently the defendant was elected president for the year 1896. There was no vote making any contract or giving any salary. On the contrary, by Wood's testimony, which probably was not controverted on the point at the trial, the plaintiff's by-laws " provided for payment of no salary whatever, either to president or treasurer." It does not appear that Wood's alleged promise ever was communicated to

the other directors, and there is nothing in the circumstances that would leave it more than a conjecture that the reasonable interpretation of the defendant's coming there would have been that he expected to be paid. Wood was not even a holder of the greater part of the stock. Under our decisions his alleged contract with the defendant probably was void, (*Commonwealth* v. *O'Brien*, 172 Mass. 248, 253,) and there was no evidence on which the jury would have been warranted in finding a promise of pay by implication on the plaintiff's part. *Sawyer* v. *Pawners' Bank*, 6 Allen, 207. *Pew* v. *Gloucester National Bank*, 130 Mass. 391. *Bartlett* v. *Mystic River Corporation*, 151 Mass. 433. *Crumlish* v. *Central Improvement Co.* 38 W. Va. 390, 402, 403.

*Exceptions overruled.*