JOHN J. MERRIGAN *vs.* FRANK HALL & trustee.

Suffolk.    January 11, 1900. — March 3, 1900.

Present: HOLMES, C. J., MORTON, LATHROP, BARKER, & HAMMOND, JJ.

*Oral Testimony to Contradict Written Instrument — Contradiction of Testimony given on Cross-examination.*

At the trial of an action of A. against B. it appeared that B. signed and gave to A., a newspaper publisher, an order in writing requesting him to insert a certain advertisement for one year "for which I will pay the sum of $60. Payable monthly." B. sought to show by oral testimony that A., before the order was signed, agreed to take his pay "in teams." *Held,* that the evidence offered tended to vary one of the express terms of a written contract and was inadmissible. *Held, also,* that A. having testified, on cross-examination, that at the time he received the order for advertising, nothing was said about "teams," B. could not contradict him by showing that something was said and what the conversation was.

CONTRACT, on a written order. The defendant filed a declaration in set-off. At the trial in the Superior Court before *Hardy,* J., the jury found in each verdict the full amount claimed by each party with interest; and the defendant alleged exceptions. The facts appear in the opinion.

*J. F. Simmons,* for the defendant, submitted the case on a brief.
*S. W. Wagner,* for the plaintiff.

LATHROP, J.   The defendant signed and gave to the plaintiff, a newspaper publisher, an order in writing, requesting him to insert a certain advertisement for one year, " for which I will pay the sum of $60.   Payable monthly."   In an action on this agreement, the defendant sought to show by oral testimony that the plaintiff before the order was signed, agreed to take his pay " in teams."   This evidence was excluded, and the only exception relied on is to its exclusion.

It seems to us too plain for argument, that the evidence offered tended to vary one of the express terms of a written contract, and was inadmissible.   *Richardson* v. *Churchill*, 5 Cush. 425.   *Currier* v. *Hale*, 8 Allen, 47.   *Russell* v. *Barry*, 115 Mass. 300, 303.   *Pike* v. *McIntosh*, 167 Mass. 309.

This is not the case of a collateral oral agreement as to a matter not mentioned in the written agreement, for here the price to be paid is stipulated to be so many dollars, and therefore the case does not fall within *Ayer* v. *R. W. Bell Manuf. Co.* 147 Mass. 46, and *Durkin* v. *Cobleigh*, 156 Mass. 108, where the cases as to collateral agreements are fully considered by Mr. Justice Allen.   Nor was the evidence admissible for the purpose of showing the situation of the parties, as in *Adams* v. *Morgan*, 150 Mass. 143.

We are unable to see how the fact that the plaintiff testified that he had " teams " six or seven times from the defendant, after the contract was made, amounts either to a waiver or an estoppel, or as an interpretation of the contract made by the parties, which would prevent the plaintiff from maintaining the action.   See *Wilkinson* v. *Blount Manuf. Co.* 169 Mass. 374, and cases cited.   But no question of this sort is raised by the exceptions.

The defendant further contends that inasmuch as the plaintiff testified, on cross-examination, that at the time he received the order for advertising, nothing was said about " teams," the defendant was entitled to contradict the plaintiff by showing that something was said, and what the conversation was.   The evidence was not offered on the ground that it tended to contradict the plaintiff, and it was excluded on the ground that it tended to vary the terms of the written contract.   It is not necessary, however, to rest the case on the ground that there was no offer to contradict the plaintiff.   Whether anything was

said about "teams" at the time the order was received for advertising was entirely immaterial to any issue in the case. The defendant having asked the question, was bound by the answer, and could not raise a new issue by contradicting it. *Eames* v. *Whittaker*, 123 Mass. 342. *Shurtleff* v. *Parker*, 130 Mass. 293. *Phillips* v. *Marblehead*, 148 Mass. 326, 329. *Alexander* v. *Kaiser*, 149 Mass. 321. *Commonwealth* v. *Smith*, 162 Mass. 508. *Carr* v. *West End Street Railway*, 163 Mass. 360.

*Exceptions overruled.*