## THOMAS F. McGEARY *vs.* JAMES McGEARY.

Essex.     March 21, 1902. — May 23, 1902.

Present: HOLMES, C. J., MORTON, BARKER, HAMMOND, & LORING, JJ.

*Guardian.   Interest.*

A father who is the guardian of his minor child, and who is not of sufficient pecuniary ability to support the child suitably, should be allowed a reasonable charge for the support of the child in the settlement of his account as guardian. Whether the father intended to charge the son for his support and whether the circumstances of both justified such charges are questions of fact which on appeal will be presumed to have been decided rightly, unless facts appear which clearly show the contrary.

Where a guardian was held to be chargeable with money of his ward lent and lost, the ward asked that the guardian should be charged with compound interest on the sums so lost. *Held,* that, although a guardian is chargeable with interest which he should have collected, no change in the amount allowed as interest would be made in a case where, upon the agreed facts, it did not appear that the allowance made was not a proper adjustment of all matters of interest which should have entered into the account.

APPEAL from a decree of the Probate Court of the County of Essex upon the allowance of the account of a guardian.

The case was heard on appeal by a single justice of this court. It appeared, that by the guardian's account he charged himself with deposits of $2,000 in two savings banks and the interest of $1,208.98 paid by those banks, making a total of $3,208.98. He credited himself with $2,452 for board, clothes and education, leaving a balance at the ward's majority of $756.98.

It appeared, that the guardian had drawn from the banks

$1,425, of which $1,000 was lent and lost, its collection being barred by the statute of limitations. The guardian was a currier by trade, paid by the week when he could get work. The ward was his son, who when about four years old lost a foot by a railroad accident, for which he received the $2,000 that created the fund.

The Probate Court had made a decree, that the guardian be charged with $48, as interest on an uninvested balance in his hands for several years, that the item of $1,092 for seven years' board be allowed for $710 only, and that the account so changed be allowed, leaving the accountant charged with a balance of $1,178.98. The ward appealed.

The single justice made a decree, that the decree of the Probate Court be amended by crediting the appellant with the sum of $63.50 for money earned by him and paid to the appellee during the guardianship, that the decree thus amended be affirmed, and the case be remanded to the Probate Court for further proceedings. The ward appealed.

*G. H. Smart*, for the appellant.

*F. E. Farnham*, for the appellee.

BARKER, J. A father who is guardian of his minor child should be allowed for the support of the latter in settlement of his guardian's account if the father was not of sufficient ability pecuniarily to support the child in the way in which he should be brought up. *Dawes* v. *Howard*, 4 Mass. 97. *Strong* v. *Moe*, 8 Allen, 125. See also *Melanefy* v. *O'Driscoll*, 164 Mass. 422. Whether such an allowance should be made in the present case was a question of fact a finding upon which in favor of the accountant is implied in the decision appealed from. That decision will not be changed here unless clearly shown to have been erroneous. It does not appear that the father kept no accounts with the son. Whether the father intended to charge the son for his support and whether the circumstances of both justified such charges are questions as to which the record does not give us sufficient light to determine that the decision in favor of the guardian was wrong.

The account as settled by the decree appealed from in effect charges the guardian with the amount of the ward's property lent and so lost. The appellant now contends that the guardian

should be charged with compound interest on the amount of the sum so lent and lost. There is no doubt that a guardian is chargeable with interest which he should have collected. *Forbes* v. *Ware,* 172 Mass. 306. But it does not appear from the agreed facts but that the allowance made for interest was a proper adjustment of all matters of interest which should have entered into the account.

*Decree affirmed.*