RANSOM C. TAYLOR *vs.* JACOB L. GODING.

Worcester. September 29, 1902. — October 31, 1902.

Present: HOLMES, C. J., MORTON, LATHROP, BARKER, & LORING, JJ.

*Evidence*, Extrinsic affecting writings. *Landlord and Tenant.*

The lessee of a store, sued for rent upon a lease in writing, cannot vary and contradict the instrument by showing an oral agreement made between the parties before the execution of the lease that if during the term the lessee should take from the lessor a lease of another store and should vacate the first one the lessor would surrender all his rights under the first lease.

LATHROP, J. This is an action of contract on a written lease of a store, to recover rent for the last five months of the term. The answer sets up an oral agreement made by the parties before the execution of the lease, that if, during the term, the lessee should take a lease of another store of the lessor, and should vacate the store first leased, the lessor would thereupon surrender all right under the original lease, and the lessee would be under no further liability thereon; that the lessee, relying upon the oral agreement and induced thereby, took a lease of another store of the plaintiff, and vacated the store first leased, before the beginning of the period of five months.

To this answer the plaintiff demurred on the ground that the oral agreement contradicted and altered the terms of the written lease, and would be inadmissible in evidence; and that it was no legal defence to the action upon the lease. The Superior Court sustained the demurrer, and ordered judgment for the plaintiff; and the case is before us on the defendant's appeal.

We are of opinion that the oral agreement set up in the answer

contradicted and altered one of the express terms of the written contract, namely; that relating to the payment of rent; and that therefore the answer set up no defence. *Merrigan* v. *Hall,* 175 Mass. 508, and cases cited. The case is not one of a collateral oral agreement as to a matter not mentioned in the written agreement, and not contradictory of it; and therefore does not fall within *Durkin* v. *Cobleigh,* 156 Mass. 108.

*Judgment affirmed.*

*R. Hoar,* for the defendant.
*G. S. Taft,* for the plaintiff.

