JOHN FINNIGAN & another *vs.* BRACKLEY SHAW.

Suffolk.    December 9, 1902. — September 2, 1903.

Present: KNOWLTON, C. J., MORTON, LATHROP, BARKER, & HAMMOND, JJ.

*Evidence,* Extrinsic as affecting writings. *Agency.*

A seller of goods who accepts from a broker a sale note stating an absolute sale to a certain purchaser cannot show that the sale was conditional, if the broker had authority to make an absolute sale.

MORTON, J. This is an action of tort to recover the value of four thousand one hundred and twenty-eight hides alleged to have been converted by the defendant to his use. The chief question in the case is whether the sale of the hides was a conditional one, in which the title was not to pass till certain notes had been paid by the purchasers, or whether it was an absolute sale. The hides were sold through brokers to the firm of L. B. Clark and Company, and were subsequently pledged by them to the Philadelphia Warehouse Company which assigned, for value and in good faith, its interest to the defendant. At the close of the evidence the judge ordered a verdict for the defendant and at the request of the parties reported the case to this court. If the ruling was right, judgment is to be entered for the defendant; otherwise such entry is to be made as justice may require. We think that the ruling was right, and that there was no evidence that would warrant a finding that the sale was a conditional one.

The plaintiffs are a New York firm dealing in hides. L. B. Clark and Company carried on a tannery at Kingman, Maine. As already observed, the sale was made through brokers. The brokers gave to each party a sale note stating the particulars and terms of the sale. The sale notes recited that Sands and Leckie, the brokers, had " Sold for account Messrs. John Finnigan & Co. to Messrs. L. B. Clark & Co.", at the prices and on the terms named in the sale notes, the hides therein described. The terms were " settlement by four months note of purchasers, buyers having privilege of extending time, if required, adding interest for such additional time at rate of 6 % p. a. To be shipped to L. B. C. & Co., Kingman, Me." The hides were shipped from New York by the plaintiffs as provided in the sale notes to L. B. Clark and Company at Kingman, Maine. Upon their receipt L. B. Clark and Company sent to the plaintiffs their notes for four months as provided in the terms of sale, and thereupon the plaintiffs sent to L. B. Clark and Company receipts marked paid and stating that L. B. Clark and Company had bought of John Finnigan and Company the hides described in them upon " Terms as per contract dated 2, 15, 98," which referred to the sale note of the brokers which was dated February 15, 1898. Neither the sale notes nor the receipts contained any-

thing to show that the contract of sale was a conditional one. So far, it is clear, we think, that there is nothing in the transactions between the parties warranting a finding that the sale was not an absolute sale. L. B. Clark and Company afterwards failed and went into insolvency, and did not pay the notes when they fell due, but those facts cannot affect the character of the sale, and it is not contended that they do.

The plaintiffs seek to avoid the transaction as we have stated it by evidence, admitted in part at least *de bene*, which they contend tends to show that the brokers had no authority to make the sale except as a conditional one and that it was so understood and agreed to by L. B. Clark and Company. But we think that the testimony relied on does not support the plaintiffs' contention, and that, even if it did, it was inadmissible to vary the terms of the contract as expressed in the sale note accepted by the plaintiffs. The testimony tended to show that Sands and Leckie had previously acted for the plaintiffs as brokers in making sales to L. B. Clark and Company, and that in 1896 the plaintiffs wrote to Sands and Leckie requesting them to take tanning contracts for any hides that should thereafter be delivered to L. B. Clark and Company.

By tanning contracts were meant contracts under which L. B. Clark and Company should tan the hides, but the property should remain in the plaintiffs till the hides were paid for. The letter was read to L. B. Clark and Company and they assented to it. After this, as the uncontradicted testimony showed, in some of the sales to L. B. Clark and Company tanning contracts were taken, and in some they were not, and no objection appears to have been made at any time by the plaintiffs that Sands and Leckie had not authority to make the sale when the provision in regard to tanning contracts was omitted from the sale note. We do not see, therefore, how the jury would have been warranted in finding that the brokers had no authority to make an absolute sale, notwithstanding one of them testified that there had been no change since the receipt of the letter above as to the arrangements there proposed in regard to the sale of hides to L. B. Clark and Company, and that it was always understood by L. B. Clark and Company, though sometimes omitted from the contract, that the plaintiffs never made positive delivery of the

goods till paid for. Moreover, one of the plaintiffs testified that Sands and Leckie had authority to make the contract of February 15, 1898, which was the contract of sale for the hides in question. The most that the conversation, at or about the time of the sale, with one of the members of the firm of L. B. Clark and Company, testified to by one of the brokers, amounts to, is an agreement, on the part of L. B. Clark and Company, to give a tanning contract if one was required, but none was required. If the brokers had authority to make the sale, then, inasmuch as the sale note contained the contract, and purported to set out an absolute sale, evidence tending to show that the sale was not an absolute one, but was a conditional one, was inadmissible as tending to vary or contradict the written contract. *Cabot* v. *Winsor*, 1 Allen, 546. *Remick* v. *Sandford*, 118 Mass. 102. *Engelhorn* v. *Reitlinger*, 122 N. Y. 76. The fact that the plaintiffs supposed, if they did suppose, that the sale was subject to the condition in regard to tanning contracts, is immaterial. They accepted the sale note as it was, and are bound by the contract contained in it.

In accordance with the report the entry will be

*Judgment for the defendant.*

*A. A. Wyman*, (*F. A. Wyman* with him,) for the plaintiffs.
*G. W. Morse & C. R. Darling*, for the defendant.