AMERICAN SODA FOUNTAIN COMPANY *vs.* SPRING WATER CARBONATING COMPANY.

Suffolk.    November 15, 1910. — January 6, 1911.

Present: KNOWLTON, C. J., MORTON, LORING, SHELDON, & RUGG, JJ.

*Sale.    False Representations.*

Where one has submitted to a prospective purchaser a drawing of a certain appliance which he offered to make for the purchaser and in good faith has made representations to the purchaser as to what in his opinion an appliance made in accordance with the drawing ought to do, and the purchaser, relying on the representations, orders the appliance to be made according to the drawing and purchases it, the seller can recover the purchase price although the appliance fails to do what the seller gave as his opinion that it ought to do.

In an action upon items of an account annexed based on an order in writing by the defendant upon the plaintiff for draught arms, to be made according to a " drawing submitted," for the extracting of root beer from kegs, the defendant offered evidence tending to show " that during preliminary negotiations and at the time the order was signed the plaintiff represented to the defendant that it would manufacture special draught arms to be used for the purpose of drawing root beer from wooden kegs, which would deliver automatically two streams of different volume and at different degrees of velocity and which would be durable and practical for the purpose for which they were designed, and submitted to the defendant a drawing or plan of a draught arm, claimed by the plaintiff to be durable and practical for the purpose aforesaid and represented that it would manufacture for the defendant special draught arms in accordance with said plan, which would accomplish the purposes aforesaid; that the defendant, relying upon said representations and believing them to be

true, ordered the plaintiff to manufacture for" him the draught arms described in the account annexed, but that the draught arms delivered "were found not to be durable and practical for the use for which they were intended and would not deliver automatically two streams of different volume and at different degrees of velocity." The defendant contended that, while the representations were not "fraudulent in fact" they amounted "in law to fraudulent representations" and were a defense to the action. There was undisputed evidence, which the defendant did not offer to contradict, that the representations made by the plaintiff were not as to his knowledge of what draught arms like those shown in the "drawing submitted" would do, but of what in his opinion they would do. *Held*, that the evidence offered fell short of tending to show that the plaintiff had made any representations which could be shown in defense of the action, such representations as were made being of matters of opinion and not of knowledge.

LORING, J.  This is an action upon an account annexed, only three items of which were disputed, they being items based on a written order for one hundred special draught arms to be manufactured "as per drawing submitted." At the trial it was admitted that one hundred special draught arms manufactured according to the "drawing submitted" had been delivered to the defendant, and that $272 of the purchase price had been paid by it on account. But the defendant contended that the contract was procured by fraud and that it had been avoided on that ground. It set this up in defense to the action for the unpaid balance of the purchase price and filed a declaration in set-off to recover back the $272 paid by it to the plaintiff on account.

In support of its contention the defendant offered to prove: "That during preliminary negotiations and at the time this order or contract was signed the plaintiff represented to the defendant that it would manufacture special draught arms to be used for the purpose of drawing root beer from wooden kegs, which would deliver automatically two streams of different volume and at different degrees of velocity and which would be durable and practical for the purpose for which they were designed, and submitted to the defendant a drawing or plan of a draught arm, claimed by the plaintiff to be durable and practical for the purpose aforesaid and represented that it would manufacture for the defendant special draught arms in accordance with said plan, which would accomplish the purposes aforesaid; that the defendant, relying upon said representations and believing them to be true, ordered the plaintiff to manufacture for it one hundred of said special draught arms, made according to said

drawing or plan." The judge* ruled " that the offer of proof, if maintained, did not constitute a defense to the action and did not entitle the defendant to recover on its declaration in set-off." The case is here on an exception to that ruling.

It is stated by the defendant in its bill of exceptions that it was induced to give the order sued on " by certain false representations, not fraudulent in fact, but amounting in law to fraudulent representations "; and its sole contention is that the representations of the plaintiff which it offered to prove were representations of fact made by the plaintiff as of its own knowledge and so of themselves fraudulent without proof of a *scienter* within the rule applied in *Chatham Furnace Co.* v. *Moffatt*, 147 Mass. 403, where the earlier cases are collected. For a latter case see *Adams* v. *Collins*, 196 Mass. 422.

To make out a fraud of that kind the defendant had to prove that the plaintiff had in fact tested the special draught arms made according to the " drawing submitted," or represented that that had been done, and that the result of the test was that they would do what the defendant wished them to do. Or the defendant had to prove something equivalent to that. What he offered to prove manifestly was short of that if it had stood by itself. But it did not stand by itself in the case at bar. Witnesses called by the plaintiff had testified " that the defendant desired to procure a faucet through which both still and live beer could be drawn; that the draughtsman of the plaintiff made a working drawing of a draught arm designed to draw both still and live beer, and submitted it to Mr. Flynn. It appeared that Flynn, the defendant's manager, examined this sketch and signed and delivered to the plaintiff " the order sued on, and there was no offer to contradict this. On this bill of exceptions it must be taken that the plaintiff caused its draughtsman to design the arm shown in the " drawing submitted " for the purpose of accomplishing what the defendant wished, and that the representations which the defendant offered to prove were not representations by the plaintiff as of its own knowledge as to what these special draught arms had done, but a representation of its opinion as to what they ought to do. Such misrepresentations " not fraudulent in fact" are not

---

* *Bell*, J.

ground for rescinding a contract.   No cases in this Common-
wealth have gone further than *McCusker* v. *Geiger*, 195 Mass.
46; *Goodwin* v. *Massachusetts Loan & Trust Co.* 152 Mass. 189.

*Exceptions overruled.*

*C. A. Warren*, for the defendant.
*P. Ketchum*, for the plaintiff.