REBECCA C. TRAHANT *vs.* ARTHUR C. PERRY.

Worcester. September 22, 1925. — October 16, 1925.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & SANDERSON, JJ.

*Equity Jurisdiction,* To enjoin foreclosure of mortgage. *Bills and Notes. Evidence,* Extrinsic affecting writings.

If, at the hearing of a suit in equity to enjoin the foreclosure of a mortgage of real estate given to secure a note, payable in instalments at specified times, it appeared that the plaintiff voluntarily made and delivered the note without fraud on the part of the defendant, evidence is not ad-

missible to show that at the time the plaintiff was signing the note he asked the defendant if he could pay the whole of it at any time and that the defendant replied that he could do so.

The note which the mortgage above described was given to secure was for $500 at twelve per cent interest and called for payments of $15 each month. For six months the plaintiff made no payments. In the seventh month he made two payments of $12 each. In the eleventh month he tendered $405 which, with what he had paid, was nearly $5 more than the amount which the defendant had advanced to the plaintiff. The tender was refused on the ground that the defendant would receive payment in no other way than that called for by the note. The bill was dismissed. *Held,* that

    (1) The defendant's refusal of tender was within his legal right;

    (2) A master who found the facts above described was not required more specifically to find a breach in the condition of the mortgage;

    (3) The bill properly was dismissed.

A note payable in instalments at specified times is really so many instruments in one form, and the times of payment in such a note constitute a condition for the benefit of all parties to it; a debtor cannot by tender compel the holder to accept payment of an instalment before it is due, or of the full sum before the maturity of the several obligations.

BILL IN EQUITY, filed in the Superior Court on January 3, 1914, to enjoin the foreclosure of a mortgage of real estate in Worcester, for an accounting, and for a discharge of the mortgage.

The suit was referred to a master. Material findings by the master are described in the opinion. Exceptions by the plaintiff to the master's report were heard by *Qua,* J., by whose order there were entered an interlocutory decree overruling exceptions and confirming the report, and a final decree dismissing the bill. The plaintiff appealed.

The case was submitted on briefs.

*F. B. Hall,* for the plaintiff.

*R. B. Dodge & A. T. Saunders,* for the defendant.

PIERCE, J. This is an appeal from a decree overruling the plaintiff's exceptions to the master's report, and from the final decree dismissing the bill.

The exception to the refusal of the master to receive evidence "that at the time the plaintiff was signing the note in the defendant's office she asked the defendant if she could pay the whole of it any time, and that he replied that she could do so," was overruled rightly. The plaintiff having voluntarily made and delivered this note cannot defend

against it by showing an oral agreement that it should be paid in any other way than that stated in the note itself. *Tower* v. *Richardson,* 6 Allen, 351. *Wood's Sons Co.* v. *Schaefer,* 173 Mass. 443. *McCusker* v. *Geiger,* 195 Mass. 46, 53.

The note, in the following tenor:

> "$500.00/100    Worcester, Mass. June 7th    1912.
>
> For Value Received, We, Rebecca C. Trahant and Dominick Trahant, jointly and severally Promise to pay to . . . Arthur C. Perry . . . or order, in U. S. gold coin of present standard of weight and fineness, the sum of . . . Five hundred (500) . . . . Dollars, in monthly payments of Fifteen (15) Dollars per month beginning one month from this date, with interest to be deducted semi annually from the sum of payments made previous six months and balance to be then credited on principal, interest to be twelve per centum per    , during said term, and for such further time as said principal sum, or any part thereof, shall remain unpaid. Interest to be figured on amount due previous semi annual interest date, no interest allowed makers on payments made between interest dates. If any tax should be assessed on mtge. secured by this note, we agree to pay same in full to the payee.
>
> Signed in presence of    REBECCA C. TRAHANT,
> Della Kavanagh to R. C. T.            his
> Della Kavanagh to D. T.    DOMINICK X TRAHANT.
>                                                    mark
>
> (Endorsement)  Jan. 18″–13 Rec'd. on interest account $12.
>
>     Jan. 25″–13 Rec'd. on interest account $12."

was found by the master, upon unreported evidence, not to have "been altered and changed by the defendant since its execution, as alleged in paragraph 5 of the plaintiff's bill of complaint."

It appeared in the bill of complaint, sworn to by the plaintiff, and was found by the master, that the plaintiff "made two payments on account of the same, as follows:

*Margin note (left side, vertical):* Secured by Mortgage of Real Estate in Worcester (1 Hemans St.) to be recorded in Worcester District Registry of Deeds

Jan. 18, 1913 $12.00   Jan. 25, 1913 $12.00." It further appeared in substance, in the bill of complaint and in the report of the master, that on May 8, 1913, an authorized attorney for the plaintiff after correspondence with the defendant went to the defendant's office with $405 in bills, and offered to pay the same to the defendant for a discharge of the mortgage given to secure the payment of the note. The master finds that $405 was nearly $5 more than the amount which the defendant had advanced to the plaintiff, and twelve per cent interest on the same from the date of the note to said May 8, 1913, less the $24 paid by the plaintiff on January 18 and 25, 1913. The master further finds that on May 8, 1913, the defendant refused to accept the said $405 from the attorney for the plaintiff "giving as his sole ground for refusing the same, that the plaintiff was obligated to pay at the rate of $15 a month, according to the tenor of the note, and that he would accept the payment in no other way."

The refusal of the defendant was within his legal right. A note such as this, payable in instalments at specified times, is really so many instruments in one form. *Eastman* v. *Turman,* 24 Cal. 379. *Oridge* v. *Sherborne,* 11 M. & W. 374. The time of payment in a note is a condition for the benefit of all parties to it, and a debtor cannot by tender compel the holder to accept payment of an instalment before it is payable, or of the full sum to be ultimately paid, before the maturity of the several obligations. *Saunders* v. *Frost,* 5 Pick. 259, 267. *Barrell* v. *Britton,* 252 Mass. 504. *Bowen* v. *Julius,* 141 Ind. 310.

The sworn statement of the plaintiff in his bill of complaint, that he made two payments on account in 1913, establishes the fact of his default in monthly payments in the months preceding January, 1913, and thereafter, and he makes no claim of monthly payments other than resulted from his alleged tender in May, 1913. It follows that the master was not required more specifically to find a breach in the condition of this mortgage; and it further follows that the decrees, interlocutory and final, must be affirmed.

                                        *Decrees affirmed.*