HARRY O. FISK *vs.* FRED C. FISK.

Worcester.  January 11, 1928. — March 2, 1928.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & CARROLL, JJ.

*Witness*, Cross-examination.  *Evidence*, Affecting credibility of witness.

A witness in the discretion of the trial judge may be cross-examined as to collateral facts if they be of such a nature as to affect the credibility of that witness in a matter relevant to the issue on trial.

In the opinion accompanying the foregoing decision, it *was stated* that, as to such a collateral inquiry, the answer given by the witness on cross-examination cannot be contradicted.

CONTRACT.  Writ dated May 5, 1924.

In the Superior Court, the action was tried before *Donahue*, J.  Material evidence, special findings by the jury, and exceptions saved by the defendant, are stated in the opinion. There was a verdict for the plaintiff in the sum of $1,500. The defendant alleged exceptions.

The case was submitted on briefs.

*R. B. Dodge & A. T. Saunders*, for the defendant.

*C. E. Tupper*, for the plaintiff.

PIERCE, J.  This is an action to recover damages for the alleged refusal by the defendant to carry out the terms of a contract, alleged to have been made during an auction held on November 19, 1919, for the sale of certain real estate and certain personal property owned by the defendant and located in the town of Barre, Massachusetts.  "The evidence shows that at the auction sale, one Guyotte, who was bidding for the plaintiff, bid off the farm for $2,100; that the plaintiff bid off the standing timber on the farm for $5,000 and bid off personal property to the amount of $991.65."  The defendant answered by way of general denial, and alleged that there were no memoranda in writing and no payment made in accordance with the provisions of the statute of frauds.

There was evidence which warranted the special finding by the jury, in substance, that the plaintiff and defendant entered into an oral contract by which the plaintiff was to pay

the defendant the amount bid by him for the personal property at the auction and pay a deposit of $500 in cash on the price for which the farm and standing timber were sold at auction, and the defendant was to take back as part of the purchase price a mortgage for one half of the price for which the farm and timber were sold at auction. The evidence also warranted the special finding by the jury that the defendant signed a receipt in terms substantially as follows: "Received of Harry O. Fisk Five hundred dollars ($500.) in part payment for lumber, farm and personal property bought by him off me at the auction or otherwise on November 19, 1919, as part purchase price of the farm and lumber for Seventy-one hundred dollars ($7100.) known as Fisk Farm as per auction bill. A mortgage to be taken back for one half the purchase price of farm and timber." The defendant denied that he gave any receipt whatsoever.

Arthur Fisk, a brother of both the plaintiff and defendant, and his wife, witnesses for the plaintiff, testified, "that they had seen the receipt claimed to have been given by the defendant to the plaintiff, about four weeks after the auction sale and remembered the substance thereof. On cross-examination they stated that the relations between them and the defendant and his family had always been friendly up to the time they were testifying and that there had been no trouble between them." The plaintiff testified under cross-examination that the only reason suit had not been brought earlier was because of the fact that he did not wish to bring suit while his mother was living, and that suit was brought about six months after his mother's decease.

After the above testimony from Mr. and Mrs. Arthur Fisk had been introduced, the defendant, on the stand, was asked by his counsel: "A short time after the death of your mother did anything occur which caused a change in your relationship between you and your wife, and Arthur and his wife?" On objection the question was excluded, and the defendant's counsel offered "to show by this witness that following the mother's death her will was filed which gave most of the property to this witness and a small amount to Harry and to Arthur; that Harry and Arthur entered into a contest of the

will, and at the hearing on the allowance of the will both Arthur and his wife testified against the allowance of the will." The question was excluded subject to the exception of the defendant.

After the testimony of the plaintiff as to his reason for not bringing the action earlier, the defendant's wife, called by the defendant, was asked on direct examination the following question: "After Grandmother Fisk died was there any trouble between your husband (the defendant) and Harry (the plaintiff) which caused a changed relationship between the two families?" The question was excluded subject to the exception of the defendant, as was the following offer of proof: "I offer to show that after the decease of Mother Fisk and upon the filing of her will which left practically every thing to Fred and little to Harry, a dispute arose. Harry contested the will, and after that dispute arose the first action for this cause was brought, and up to the time of the dispute over the will, the relationships between the two families had been as friendly as prior to the auction."

The only exceptions saved by the defendant that are presented and argued on his brief are such as concern the offers of proof, which, the defendant alleges, would tend to show bias on the part of the plaintiff, his brother Arthur and Arthur's wife. All other exceptions taken at the trial are deemed to be waived.

It is elementary law that a witness in the discretion of the judge may be cross-examined as to collateral facts if they be of such a nature as to affect the credibility of that witness in a matter relevant to the issue on trial. *Commonwealth* v. *Schaffner*, 146 Mass. 512, 515. *Wallace* v. *Taunton Street Railway*, 119 Mass. 91. It is also a general rule as to all collateral inquiries, whether relating to character or not, that the answers cannot be contradicted. "If a party cross-examines a witness upon a collateral matter, he must take the answer as it is given; he cannot contradict it, and thus raise an immaterial and foreign issue, of which the other party has no notice, and which he may not be prepared to meet." *Alexander* v. *Kaiser*, 149 Mass. 321, 322. In the case at bar the issues raised had no possible relation to the issues which

were or might have been presented in the contest over the allowance of the will of the mother of the plaintiff and defendant. The evidence offered was within the discretion of the judge to receive or reject; and no error is perceived in his ruling.

*Exceptions overruled.*